CRUZ ET AL., PLAINTIFFS AND APPELLANTS, *v.* HEIRS OF JIMÉNEZ, DEFENDANTS AND APPELLEES.

DELGADO ET AL., INTERVENORS AND APPELLANTS, *v.* CRUZ, PLAINTIFF AND APPELLANT. HEIRS OF JIMÉNEZ, DEFENDANTS AND APPELLANTS, AND JIMÉNEZ, DEFENDANT AND APPELLANT.

APPEALS from the District Court of Humacao in an Action for Annulment of Lease.

Nos. 2325 and 2911.—Decided February 26, 1924.

JUDGMENT—CLERICAL ERROR—AMENDMENT.—When from the wording of the judgment itself it appears that it was the intention of the court to dismiss ''the complaints'' filed, the fact that it is stated therein that ''the complaint'' is dimissed is a mere clerical error that can not justify a reversal and should be corrected.

APPEAL—AGGRIEVED PARTY.—On the facts shown it was held that Joaquín Jiménez
   Cruz, who raised one of the appeals referred to in the opinion, was not a
   party aggrieved by the judgment and therefore had no right to an appeal,
   according to section 294 of the Code of Civil Procedure.

The facts are stated in the opinion.

*Messrs. R. Arce* and *José Guzmán Benítez* for the plaintiffs and appellants.

*Mr. F. González* for the defendants and appellees.

*Mr. A. Dones* for the intervenors and appellants.

*Mr. J. Martínez Dávila* for defendant-appellant Joaquín Jiménez.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Two appeals (Nos. 2325 and 2911) were taken in this case and they were combined by order of the court. The judgment appealed from reads as follows:

"Judicial District of Humacao, P. R.—In the District Court.—Eladia Cruz y Jiménez, widow of Jiménez, plaintiff, versus the Heirs of Doctor Manuel Jiménez Cruz, defendants, and Enrique Delgado and others, intervenors.—Civil No. 5501.—Nullity of lease.—Judgment.—The plaintiff was represented by attorney José de Guzmán Benítez, the defendants by attorney Francisco González and the intervenors by attorney A. Dones, and in due course of procedure the case was called for trial, whereupon the parties introduced documentary and parol evidence in support of their respective contentions. The case having been submitted, the court ordered that briefs be filed and reserved decision.

"On this 25th day of June, 1920, for the reasons stated in the opinion attached to the record of this case the court renders judgment dismissing the complaint, imposing the costs upon the plaintiff and the intervenors.

"Done in open court at Humacao, P. R., June 25, 1920.— (Signed) R. Cuevas Zequeira, District Judge.—Attest: (Signed) A. Ramírez, Jr., Clerk."

This judgment was rendered in an action of "nullity of lease" brought on July 23, 1918, by Eladia Cruz Jiménez, widow of Jiménez, eighty-two years old, against the heirs of her son, Doctor Manuel Jiménez Cruz, consisting of his

children named Isabel, Manuel, Gabriel and Concepción and his widow, Florentina Jiménez. The plaintiff was represented by attorney José de Guzmán Benítez. The defendant heirs filed their answer on February 20, 1920.

On April 17, 1919, Enrique Delgado, married to Gertrudis Jiménez Cruz, a daughter of Eladia Cruz, appeared by attorney A. Dones and by leave of the court filed as intervenor a complaint entitled "action of nullity of a contract of lease and other acts and for damages" against Eladia Cruz y Jiménez, widow of Jiménez, the heirs of Doctor Manuel Jiménez Cruz and Joaquín Jiménez Cruz. The complaint in intervention was answered acquiescently on April 21, 1919, by Eladia Cruz, widow of Jiménez. On April 26, 1919, the heirs of Doctor Jiménez Cruz filed a motion to strike out certain particulars of the said complaint in intervention. The ruling of the court on that motion does not appear, but it must have been favorable in whole or in part, for immediately following the record contains an amended complaint filed by intervenor Enrique Delgado on June 5, 1919. This amended complaint was answered on September, 4, 1919, by the heirs of Doctor Jiménez Cruz and they prayed that it be dismissed.

On September 15, 1919, by leave of the court the so-called new intervenors, Eladia, Ramona, María Dolores, María Joaquina and Josefa Jiménez Cruz, and Joaquín, Juan and Dolores Jiménez Matute, appeared by attorney Dones and filed a complaint entitled "nullity of a contract of lease and for damages" against Eladia Cruz, widow of Jiménez, the heirs of Doctor Jiménez Cruz and Joaquín Jiménez Cruz. Eladia Cruz answered acquiescently the complaint of the new intervenors on September 28, 1919. The heirs of Doctor Jiménez Cruz answered it adversely on February 18, 1920.

On May 8, 1920, attorney Dones for all of the intervenors suggested the default of defendant Joaquín Jiménez Cruz

and his default was entered by the clerk of the court on May 12, 1920.

After a trial of the case the court rendered the judgment transcribed above. The clerk included in the record the notice of the judgment given to José de Guzmán Benítez and A. Dones, attorneys for the plaintiff and for the intervenors. On July 9th the intervenors appealed from the judgment and addressed a notice of appeal to the clerk. On July 19th the plaintiff, by attorney Guzmán, appealed and gave notice thereof to the clerk and to the attorney for the heirs of Doctor Jiménez Cruz.

The appellants then took up the preparation of the transcript of the record, which brought about the proceedings referred to in the decisions of this court of January 13, 1921 (29 P. R. R. 5), setting aside certain orders granting extensions of time for filing the statement of the case; of December 23, 1921 (30 P. R. R. 55), ordering that the transcript of the evidence be stricken from the record, and of July 3, 1922 (30 P. R. R. 793), ratifying the said decision of December 23, 1921.

Both the appeal of plaintiff Eladia Cruz and that of the intervenors were prosecuted under number 2325 of this court.

At this stage defendant Joaquín Jiménez Cruz addressed the clerk of the District Court of Humacao in a paper dated October 3, 1922, and asked to be given notice of the judgment, with which the clerk complied on October 16, 1922. Thereupon Joaquín Jiménez Cruz, by attorney José Martínez Dávila, appealed on October 26, 1922, from the judgment of June 25, 1920, giving notice of his appeal to the clerk and to attorneys Guzmán, Dones and González. The appeal was filed in this Supreme Court under No. 2911.

The heirs of Doctor Jiménez Cruz filed a motion on November 20, 1922, for the dismissal of appeal No. 2911. The parties were heard on December 4, 1922, and the court

reserved the decision of the questions raised until after the case had been tried on its merits and ordered that the record be combined with the record filed under No. 2325.

Finally, on May 31, 1923, the case was heard, all of the parties being present, and all of the questions involved were submitted to the consideration of the court.

In the meantime Eladia Cruz, widow of Jiménez, and Enrique Delgado died. The heirs of Eladia Cruz, with the exception of those of her grandchildren who were the children of Doctor Jiménez Cruz, moved that they be substituted for their ancestor and the court sustained the motion. Gertrudis and her children Aurora and Gertrudis Delgado y Jiménez were substituted for Enrique Delgado.

For the purposes of the appeal taken by Eladia Cruz and the intervenors the evidence introduced can not be considered. The record contains only the pleadings and the judgment.

In the appeal taken by Joaquín Jiménez Cruz it is necessary to rule first upon the motion for dismissal. Only in case the said motion should be overruled would it be necessary to go into the merits. The transcript is complete. It contains the evidence that was not included in the other appeals.

We shall begin by considering the questions raised by the original plaintiff and the intervenors. Separate briefs have been filed. That of Eladia Cruz contains thirteen assignments of error and that of the intervenors nine.

The first assignments are identical. It is maintained that the court erred in dismissing the original complaint without passing upon the complaints of the intervenors. Pages and pages of the briefs are filled with a discussion of this matter. In our opinion the only omission is that of the plural form. Without the necessity of referring to the opinion of the court, the judgment itself shows clearly that all of the questions raised were disposed of. In the judg-

772 CRUZ ET AL. v. HEIRS OF JIMÉNEZ. [Vol. 32, P. R. R.

ment it is stated that the plaintiff and the intervenors appeared, and the costs are imposed upon them. It is evident that the judge intended to say "the complaints" instead of "the complaint." It is simply a clerical error that cannot serve as a basis for the reversal of the judgment, but only for its correction. *Martínez* v. *Oppenheimer*, 31 P. R. R. 855.

All of the other assignments refer to questions raised and left undecided by the court, or erroneously decided in the opinion of the appellants, and to the imposition of costs. Extraordinary efforts are exerted in the discussion of these assignments, but the fact is that, the evidence being stricken from the transcript and the judgment being based not only on the pleadings but also on the weight of the evidence, the position of the appellants is more than difficult; it is impossible. It would lengthen this opinion unnecessarily to discuss the said assignments one by one. After considering them we have concluded that they are all devoid of merit, and as regards the imposition of costs, it not having been shown that the court abused its discretional power, its ruling can not be disturbed.

Let us consider now the appeal taken by Joaquín Jiménez Cruz. The said Joaquín Jiménez Cruz was made a defendant by the intervenors. In their complaints they alleged the nullity of a certain lease contract entered into between Eladia Cruz, widow of Jiménez, and Doctor Manuel Jiménez Cruz and Joaquín Jiménez Cruz. Defendant Joaquín Jiménez entered no appearance, as stated, and his default was noted. He appealed in the manner described and there is pending before us the motion for the dismissal of the appeal taken by him, to which we have referred.

The ground of the motion is that Joaquín Jiménez is not a party aggrieved by the judgment and, therefore, has no right to appeal.

After a careful consideration of all of the questions involved we are convinced that the appeal should be dismissed.

What was and is the position of Joaquín Jiménez in this action? In accordance with the pleadings it is that of a defendant who entered into a lease contract which is sought to be annulled. What did he do during the litigation? Absolutely nothing. What was the judgment? It dismissed the complaint. Hence, within the sphere of the pleadings the judgment rendered against this defaulting defendant does not prejudice him in the least, but favors him in everything.

It is true that the opposition to the motion for dismissal was accompanied by a copy of the testimony given by Joaquín Jiménez at the trial, from which it appears that he is adverse to the other defendants, the heirs of his brother Manuel Jiménez Cruz, but if so he should have joined the intervenors as a plaintiff or the intervenors should have sued him as such and not as they did. It was only after Eladia Cruz and the intervenors had lost their appeal because of failure to include the evidence that Joaquín Jiménez Cruz appeared; but however strongly urged, it is impossible to change the proceedings.

As the appeal should be dismissed, it is clear that its merits can not be considered, but we wish to say that the affirmance of the judgment does not involve, in our opinion, notorious injustice. We believe that the trial judge went firmly to the very core of the controversy and rendered the judgment that the circumstances demanded.

By virtue of all of the foregoing the appeal taken by Eladia Cruz and the intervenors should be dismissed on its merits and that taken by Joaquín Jiménez should be dismissed on the motion, the judgment being thereby

*Modified and affirmed.*

Justices Aldrey, Hutchison and Franco Soto concurred.
Mr. Justice Wolf concurred in the judgment.

CONCURRING OPINION OF MR. JUSTICE WOLF.

When the opinion was signed in this case I had the idea that it might be supported also on the theory that some reasonable time after judgment notice to appellant might be presumed, and his time for appealing be exhausted, especially as the appeal statute does not make the time for appealing run from actual notice, but from the act of the secretary of the district court stating that notice had been sent. Over this act or acts the appellee has no direct control. Nevertheless, an appellee has it in his power to compel action on the part of a secretary if said appellee wishes to secure an unappealable judgment. The beginning of a limitation on the right to appeal is strictly construed in favor of an appellant. 3 C. J. 1059 *et seq.*, citing, among others, California and Louisiana cases. Hence on consideration I have no additional reasons and agree with the opinion of the court.